# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:14-CR-89-PLR-HBG |
| LINDA BARRON, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This case came before the Court on August 7, 2019 for a preliminary hearing and detention hearing to determine the Defendant's release status pending her revocation hearing before Chief District Judge Reeves. Assistant United States Attorney William Roach appeared on behalf of the Government. Attorney Jonathan Moffatt represented the Defendant, who was also present. The Government asked the Court to detain the Defendant pending her revocation hearing on September 9, 2019, arguing that she is a danger to the community. The Government relied upon the allegations in the Petition [Doc. 643] and the testimony of U.S. Probation Officer Nick Dongarra. The Defendant sought release pending her revocation hearing. She proposed that she be released under the imposition of additional conditions, including house arrest and increased drug testing.

During the hearing, the Court found that probable cause was established to demonstrate that Defendant committed the alleged violations of her conditions of supervised release. With regard to detention, the Court typically orders pretrial detention of a defendant only if it finds no condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of any person or the community. 18 U.S.C. § 3142(e). With respect to the release or detention of persons appearing for an alleged violation of probation or supervised release, the

Court shall order that the defendant be detained unless it finds by clear and convincing evidence that the defendant is not likely to flee or pose a danger to the safety of others or the community if released. Fed. R. Crim. P. 32.1(a)(6); *see also* 18 U.S.C. § 3143(a). The defendant bears the burden of showing that she will not flee or pose a danger to others or the community. Fed. R. Crim. P. 32.1(a)(6).

The Court has considered the factors set forth in 18 U.S.C. § 3142(g) and finds that they weigh in favor of detention. *See also United States v. Stone*, 608 F.3d 939 (6th Cir. 2010). The nature and circumstances of the violations alleged in this case involve controlled substances, specifically, methamphetamine. *See* 18 U.S.C. § 3142(g)(1). Defendant was arrested on July 4, 2019 and charged with the Manufacture, Delivery, Sale, or Possession of Methamphetamines, in violation of T.C.A. § 39-17-434, a class B felony. Significantly, Defendant's sentence resulting in the period of supervised release was for the Conspiracy to Manufacture Methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1). Based upon this testimony, the Court finds the weight of the evidence of the Defendant's dangerousness to be great. 18 U.S.C. § 3142(g)(2); *see Stone*, 608 F.3d at 948 (observing that factor (g)(2) "goes to the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt").

The third factor focuses on the Defendant's history and characteristics. *See* 18 U.S.C. § 3142(g)(3). The Court observes that an ambiguity arose during the detention hearing regarding whether the Defendant has a stable place to live. Further, the Defendant is alleged to have committed multiple violations of her supervised release, including several unrelated misdemeanor state charges and the failure to participate in mental health treatment. Lastly, the Court finds that the Defendant was on federal supervised release at the time she committed each of the alleged violations, facts which also support detention. *See* 18 U.S.C. § 3142(g)(3)(B).

The final factor looks to the nature and seriousness of the danger that would be posed by the Defendant's release. *See* 18 U.S.C. § 3142(g)(4). The Court found that probable cause was established that Defendant possessed methamphetamine, which is especially relevant due to the Defendant's previous federal conviction. The acquisition and distribution of controlled substances indicates the Defendant's involvement in drug trafficking. *See United States v. Hernandez*, 2002 WL 1377911, *2 (E.D. Tenn. Feb. 27, 2002) (Edgar, J.) (holding that drug trafficking is inherently dangerous).

The Defendant has failed to carry her burden of showing that she is not a danger to the community. The Defendant has also failed to show that release on her prior conditions or any conditions would reasonably assure the safety of the community. Accordingly, the Court concludes that no condition or combination of conditions of release exist that could reasonably assure the safety of the community, and therefore, the Defendant is **ORDERED DETAINED** pending her revocation hearing.

The Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**IT IS SO ORDERED.**

ENTER:

/s/ Bruce Guyton
United States Magistrate Judge